IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN QUILLINAN,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
                              /

No. C 11-05136 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

     Due to a debilitating injury to his lower leg, plaintiff Quillinan applied for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. Complaint, ¶¶ 1-2. On April 20, 2010 an Administrative Law Judge determined plaintiff was eligible for SSI benefits. Docket No. 17, Decl. of Adam Terry at ¶ 4 (Terry Decl.). Plaintiff asserts that on or around June or July 2010, plaintiff received $2,000, a portion of his retroactive SSI benefit award.[1] Complaint, ¶ 3. By letter dated August 11, 2010, the Social Security Administration ("SSA") issued plaintiff a notice that he was entitled to a total of $12,865.30 in retroactive SSI benefits. Terry Decl., Ex. B. The notice included SSA's calculation of plaintiff's eligible retroactive benefit payment by month. *Id.* at 1-2. The notice did not inform plaintiff of the required process that plaintiff must follow if plaintiff disagreed with SSA's decision. *Id.* at 3. The header "**IF YOU DISAGREE WITH THIS DECISION**" is printed on the letter, but it lacks text describing the steps of the administrative appeal process.

     Plaintiff alleges that on August 15, 2010, he contacted SSA personnel to contest SSA's calculation of his retroactive SSI benefit award. Complaint, ¶¶ 4-7. Plaintiff asserts that he spoke with Mrs. Nobuye of the Berkeley Social Security Office who assured plaintiff that SSA miscalculated the

---

    [1] Defendant contends that plaintiff received $2,110.80 of past due SSI benefits on August 23, 2010. Terry Decl., Ex. B.

United States District Court / For the Northern District of California

retroactive award and that " 'an appeal won't be necessary because we are taking care of the matter right now.' " Complaint, ¶ 6. In the months following, plaintiff spoke to and wrote SSA personnel several times to (1) seek payment of his remaining retroactive award and (2) challenge SSA's decision to reduce plaintiff's retroactive award because of in-kind loans that plaintiff received. Complaint, ¶¶ 4, 7, 11.

On October 19, 2011, plaintiff filed this pro se action seeking an accounting and payment of his retroactive award. On February 2, 2012, SSA gave plaintiff $10,754.50, SSA's calculation of plaintiff's remaining retroactive award. Opp'n, Ex. 2; Terry Decl., Ex. B. On March 15, 2012, defendant filed a motion to dismiss for lack of subject matter jurisdiction for plaintiff's failure to exhaust administrative remedies. The SSA argues that plaintiff failed to exhaust his administrative remedies because he did not appeal from the February 2, 2012 notice of final payment, and therefore SSA has not rendered a final decision. On April 13, 2012, plaintiff filed an opposition to the motion. Defendant filed a reply on April 19, 2012.

The Court reviewed the record and taking as true plaintiff's allegations, finds that SSA gave plaintiff inadequate and arguably incorrect information as to his right and need to appeal SSA's determination of his retroactive benefits. However, the Court cannot review the merits of plaintiff's claims until plaintiff pursues the administrative appeal process and SSA issues a final determination.

Therefore, the Court GRANTS defendant's MOTION TO DISMISS. Defendant shall allow plaintiff to exhaust the administrative appeal process, and plaintiff shall file, within 65 days from the date of this Order, an administrative appeal to SSA as to the determination of his retroactive benefits. This case is administratively closed. Plaintiff may move to reopen the case if, after exhausting his administrative remedies, he is not satisfied with SSA's final determination of the amount of his retroactive benefits.

**IT IS SO ORDERED.**

Dated: June 12, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2